UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

                                            Case No. 1:11–CR–266

v.

                                            Hon. Gordon J. Quist

STEVEN WILLIAM DEUMAN,          United States District Judge

        Defendant.
_____/

**DEFENDANT'S RENEWAL OF MOTION FOR JUDGMENT OF ACQUITTAL
AND MEMORANDUM IN SUPPORT**

      Now comes the defendant Steven Deuman, by and through his attorneys Richard D. Stroba, Sean R. Tilton, and Clare E. Freeman of the Office of the Federal Public Defender, and renews his motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29. In support of this renewal, he states as follows.

## Background

      On August 18, 2011, a criminal complaint was filed, charging Mr. Deuman with murder. A grand jury indicted Mr. Deuman on September 15, 2011, charging him with murder (in violation of 18 U.S.C. § 1111(a)) and aggravated sexual abuse (in violation of 18 U.S.C. § 2241(c)). The case was tried to a jury between September 7, 2012, and September 19, 2012, when the jury returned a verdict of guilty on both counts.

      On September 18, 2012, after the close of the government's case, the defense made

1

a motion for a judgement of acquittal under Federal Rule of Criminal Procedure 29; the defense renewed this motion after the close of all of the evidence. The Court denied these motions. The defense now renews its motion under Rule 29(c)(1). Mr. Deuman incorporates by reference his prior motions, written and oral.

## Legal Discussion

Federal Rule of Criminal Procedure 29 provides that a defendant may move for a judgment of acquittal after the close of the government's case. Fed. R. Crim. P. 29(a). At the close of the government's case, or after the close of all of the evidence, a court must grant a motion for a judgement of acquittal on "any offense for which the evidence is insufficient to sustain a conviction." *Id.* A defendant may move for a judgment of acquittal or renew such a motion within fourteen days of a guilty verdict. Fed. R. Crim. P. 29(c)(1). Such a judgement of acquittal is appropriate as to both counts in this case, as the evidence is insufficient to sustain a conviction.

To secure a conviction for murder (a violation of 18 U.S.C. § 1111(a)), as charged in the this case, the government had to prove beyond a reasonable doubt that:

* The victim was killed;
* The killing was committed in the perpetration of aggravated sexual abuse;
* The killing occurred within Indian Country.

*See* 18 U.S.C. § 1111.

To find a person guilty of aggravated sexual abuse (a violation of 18 U.S.C. § 2241(c)), as charged in this case, a jury must find that the person:

2

* Knowingly engaged in a sexual act;
* The victim was under twelve years of age;
* The offense occurred within Indian Country.

See 18 U.S.C. § 2241(c). Indian Country is defined in 18 U.S.C. § 1151. The parties have stipulated to this jurisdictional element. They did so in the stipulations filed September 11, 2012, as docket entry #117.

The non-jurisdictional elements of these offenses are not satisfied as a matter of law in this case. As Mr. Deuman argued in his previous motions for a judgment of acquittal, the evidence in this case suggests that E.D., the alleged victim, died because of an accident. Dr. David Start testified that he could not determine what foreign body caused E.D. to asphyxiate. Multiple witnesses testified that there were no signs of trauma on E.D. The physical evidence presented was consistent with E.D. choking on a used condom she aspirated. DNA evidence shows that Mr. Deuman's and Natasha Maitland's DNA was on the condom found, which also had E.D.'s DNA on the outside—consistent with E.D. choking on a used condom. Neither semen nor blood was found in the bed. The only blood found was on the floor where Mr. Deuman said he found E.D. This blood was consistent with E.D. rolling off the mattress and bloody fluid being released after asphyxiation.

Mr. Deuman cooperated with authorities throughout the investigation. He provided his clothing, cell phone, and DNA samples. He volunteered to speak with officers. Mr. Deuman reported finding a condom in E.D.'s mouth; he did so when he first spoke to authorities and maintained this explanation throughout his contact with authorities. Dr. Start

agreed that he could not exclude the possibility that E.D. could have choked on a used condom. He acknowledged that accidents happen—even with proper childcare. Dr. Ljubisa Dragovic, Chief Medical Examiner for Oakland County and the defense's forensic pathologist, discussed the lack of scientific evidence, including the anatomical improbability of asphyxiating on an adult penis. Given the size of an infant's airway, an infant's ability to breathe through the nose, the lack of any signs of trauma on E.D. to suggest force, and the choking risk a loose condom poses, the evidence here points to an accidental death.

The evidence showed that Mr. Deuman had proudly taken his family to Michigan's Upper Peninsula to spend time with his brother, that Mr. Deuman cared for his two children and would attend to them as needed, and that the children were often left with Mr. Deuman. Likewise, it showed that Mr. Deuman had had sexual intercourse the night before the incident, that there was a dog in the house that had access to the room and often dragged condoms and other litter into the room, and that there were young children in the house who would play with E.D. and handle her. All of this evidence undercuts a finding of aggravated sexual assault and murder.

As the defense has already explained, Mr. Deuman's alleged statements to law-enforcement officers cannot support the convictions here. The defense has pointed out in its prior motions for a judgment of acquittal the "dusty doctrine" of criminal law that is the corroboration rule, which "says that no one may be convicted of a crime based solely on his uncorroborated confession." *United States v. Brown*, 617 F.3d 857, 860 (6th Cir. 2010).

Given the scientific evidence presented, it is likely that E.D. died because of an

accident. It is also likely that the jury convicted Mr. Deuman based on the evidence presented of past allegations of sexual misconduct by Mr. Deuman, allegations that have never been proved in court, rather than the evidence presented related to the instant charged offenses.

**Conclusion**

There is insufficient evidence to sustain convictions for murder and aggravated sexual abuse. Mr. Deuman asks this Honorable Court to enter a judgment of acquittal on both counts charged in this case.

                                      Respectfully submitted,

                                      RAY KENT
                                      Federal Public Defender

                                      /s/ Richard D. Stroba
                                      RICHARD D. STROBA
                                      Assistant Federal Public Defender

                                      SEAN R. TILTON
                                      Assistant Federal Public Defender

                                      CLARE E. FREEMAN
                                      Research and Writing Specialist
                                      50 Louis Ave., NW, Ste. 300
                                      Grand Rapids, MI 49503
Dated: October 3, 2012                    (616) 742-7420